UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   5:25-cv-01557-MEMF-AJR | Date:  July 9, 2025 |
| | Page 1 of 5 |

Title:   Keilyn-Lorenz Ellis v. Shannon Dicus, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| L. Krivitsky | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On June 23, 2025, *pro se* Petitioner Keilyn-Lorenz Ellis ("Petitioner"), presently incarcerated at West Valley Detention Center in Rancho Cucamonga, California, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition").  (Dkt. 1 at 2, 7.)[1] On June 25, 2025, Petitioner also filed a "Motion for Dagman Hearing," in which he requests a preliminary hearing to determine whether there was probable cause to believe he violated the conditions of his probation.  (Dkt. 3.)

Under Rule 4 of the Rules Governing Section 2254 Cases, this Court has an affirmative obligation to screen habeas petitions to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, as explained further below, the Court has reviewed the Petition and finds that the Petition appears subject to dismissal because:  (1) it improperly challenges

---

[1] The Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     5:25-cv-01557-MEMF-AJR                    Date: July 9, 2025
                                                       Page 2 of 5

Title:     Keilyn-Lorenz Ellis v. Shannon Dicus, et al.

conditions of confinement, which are not cognizable under § 2254, and (2) any challenge to Petitioner's 2024 conviction appears unexhausted.

## I.

## DISCUSSION

### A.     Improper Challenge To Conditions Of Confinement.

A petition for writ of habeas corpus under 28 U.S.C. § 2254 is available to a person "in custody pursuant to the judgment of a State court" only if he is "in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "core of habeas corpus" is to challenge the "fact or duration" of a petitioner's confinement, not the conditions of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*).

If a prisoner seeks relief regarding the conditions of confinement, such as inadequate medical care, disciplinary conditions, or prison administration, his claims must be brought under 42 U.S.C. § 1983, not through a habeas petition. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 [civil rights] action."); see, e.g., Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (holding that the conditions of confinement, including disciplinary detention or placement in administrative segregation, must proceed through § 1983 rather than habeas because "if successful, [petitioner] will not necessarily shorten the length of his confinement").

Here, on the face of the Petition, Petitioner checked the box indicating that the Petition "concerns jail or prison conditions." (Dkt. 1 at 2.) Other than this notation, the Petition contains no substantive allegations regarding Petitioner's conditions of confinement. To the extent Petitioner seeks to challenge the conditions of his confinement through this habeas action, such claims are not properly before the Court and are subject to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:25-cv-01557-MEMF-AJR | Date:  July 9, 2025 |
| | Page 3 of 5 |

Title:      Keilyn-Lorenz Ellis v. Shannon Dicus, et al.

dismissal without prejudice. The Court further notes that, prior to the filing of this instant Petition, on May 21, 2025, Petitioner filed a civil rights complaint with this Court under 42 U.S.C. § 1983 based on the same incidents and raising substantially the same claims. (See 5:25-cv-01245-MEMF-AJR, Dkt. 1.)

### B.    Failure To Exhaust State Court Remedies.

To the extent Petitioner challenges the constitutionality of his state court conviction, the Petition appears subject to dismissal for failure to exhaust available state remedies. A federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*); see also O'Sullivan, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

Here, Petitioner bears the burden of demonstrating that his claims have been properly exhausted in the state courts. On the face of the Petition, Petitioner states that he submitted an appeal to the San Bernardino County Superior Court, but the appeal forms were "received, reviewed and returned" as "undeliverable to Clerk of Court." (Dkt. 1 at 5, internal quotation marks omitted.) Petitioner further indicates that, following the return of those forms, he filed both the instant Petition and a separate civil rights complaint with this Court. (Id. at 5-6.) However, a filing in federal court does not satisfy the exhaustion requirement. To properly exhaust his state court remedies, Petitioner must fairly present his federal constitutional claims to the California Court of Appeal and then to the California Supreme Court, either on direct review or through a petition for review or post-conviction collateral challenge. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Based on the face of the Petition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

| | |
|---|---|
| Case No.    5:25-cv-01557-MEMF-AJR | Date:  July 9, 2025 |
| | Page 4 of 5 |

Title:      <u>Keilyn-Lorenz Ellis v. Shannon Dicus, et al.</u>

it does not appear that Petitioner has pursued any review beyond the California Superior Court level.  Accordingly, the Petition appears unexhausted and subject to dismissal without prejudice.

## II.

## CONCLUSION

Based on the Petition as currently submitted, Petitioner's challenge to his 2024 conviction appears barred by 28 U.S.C. § 2254(a) and 2254(b)(1)(A) because it improperly challenges the conditions of his confinement and has not been exhausted in the state courts.  Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, no later than **August 8, 2025**, why this Court should not recommend that the Petition be dismissed without prejudice for lack of jurisdiction under § 2254(a) and for failure to exhaust state court remedies under § 2254(b)(1)(A).

Petitioner is advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Petitioner's convenience.</u>  **However, Petitioner should be aware that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is further advised that if he fails to timely respond to this Order to Show Cause, or fails to show why this action is not unexhausted, the Court will recommend that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01557-MEMF-AJR                                    Date: July 9, 2025
                                                                     Page 5 of 5

Title:       Keilyn-Lorenz Ellis v. Shannon Dicus, et al.

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).